**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR ALVAREZ MONTANO, | No. 15-73382 |
| Petitioner, | |
| v. | Agency No. A095-773-592 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2022[**]
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

Hector Alvarez Montano, a native and citizen of Colombia, petitions for

review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from

an Immigration Judge's (IJ) decision denying his application for withholding of

removal and relief under the Convention Against Torture (CAT). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Alvarez Montano argues that the agency erred in concluding that the threats he received from the Colombian guerilla group Fuerzas Armadas Revolucionarias de Colombia (FARC) lacked a nexus to his actual or imputed political opinion. We review the agency's nexus determination for substantial evidence. *Sagaydak v. Gonzales*, 405 F.3d 1035, 1041–42 (9th Cir. 2005).

To establish persecution on account of an actual or imputed political opinion, Alvarez Montano was required to show (1) that he held a political opinion or that his alleged persecutors believed he did, and (2) he was or would be persecuted on account of that political opinion. *See Navas v. INS*, 217 F.3d 646, 656 (9th Cir. 2000).

Alvarez Montano does not argue that he held a political opinion, and the evidence does not compel the conclusion that FARC persecuted Alvarez Montano based on an imputed political opinion. The record reflects that members of FARC threatened Alvarez Montano in an effort to induce him to betray his wealthy employer and to join their organization. Substantial evidence therefore supports the agency's conclusion that the threats arose out FARC's desire to punish Alvarez Montano for his refusal to cooperate, rather than for an imputed political opinion. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 855–56 (9th Cir. 2009), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir.

2

2013) (en banc); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 482–83 (1992). Moreover, Alvarez Montano's assertion that his employer sold horses to the Colombian military, and thus had ties to the government, does not compel the conclusion that FARC imputed any political motive to Alvarez Montano.

2.      Alvarez Montano argues that he belongs to the social groups of (1) people who have rejected advances by FARC and (2) bodyguards for wealthy businessmen with ties to the government, and that the agency erred in determining that these groups were not cognizable. We accord *Skidmore* deference to the agency's determinations regarding cognizability because the BIA decision is unpublished and issued by only a single member of the Board. *See Cordoba v. Holder*, 726 F.3d 1106, 1114 (9th Cir. 2013).

The BIA did not err in determining that Alvarez Montano's proposed social groups were not cognizable. Social groups defined merely by the refusal of advances for recruitment are generally not cognizable, and Alvarez Montano's first proposal is precisely such a group. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009), *abrogated in part on other grounds by Henriquez-Rivas*, 707 F.3d 1081; *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008), *abrogated in part on other grounds by Henriquez-Rivas*, 707 F.3d 1081.

Alvarez Montano's second proposed group is not cognizable because he has not provided any evidence that Colombian society views that group as distinct.

3

*See Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020); *Conde-Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020).

3.    Alvarez Montano argues that the agency erred in denying relief under CAT for lack of the requisite governmental action.  This determination is reviewed for substantial evidence.  *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078–80 (9th Cir. 2015).

Alvarez Montano has not pointed to specific evidence supporting his claim that the government would commit, or acquiesce in, his alleged torture.  The available evidence shows that the government was generally opposed to FARC and waging a largely successful fight against it.  The record does not compel the finding that the government would acquiesce in the alleged torture.  *Cf. Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2014).

**PETITION DENIED.**